IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DAVE STURGIS, JR., | : | MOTION TO VACATE |
| BOP # 66955-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:15-CR-255-ELR-JEM-2 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:19-CV-3440-ELR-JEM |

**FINAL REPORT AND RECOMMENDATION**

Movant, Dave Sturgis, Jr., submitted a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. (Doc. 345.) The Government filed a response in opposition (Doc. 351), and Movant filed a reply (Doc. 352). For the reasons stated below, the undersigned **RECOMMENDS** that the § 2255 motion be **DENIED**.

**I.  PROCEDURAL HISTORY**

On September 27, 2016, a jury found Movant guilty of Hobbs Act robbery, in violation of 18 U.S.C. §§ 2 and 1951(a), and using a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(ii). (Docs. 62, 184.) On February 21, 2017, the District Court filed the judgment and commitment, sentencing Movant to 384 months of imprisonment, followed by three years of supervised release. (Doc. 240.) On August 14, 2018, the United States Court of Appeals for the Eleventh Circuit affirmed. *See United States v. Joyner*, 899 F.3d 1199 (11th Cir. 2018) (per curiam) (consolidated appeal). (Doc. 336.)

On July 22, 2019, Movant timely executed his § 2255 motion. (Doc. 345 at 2.) Movant claims that (1) trial counsel provided ineffective assistance (ground one), and (2) his convictions of using a firearm during a crime of violence must be vacated because (a) the statute is unconstitutionally vague (ground two), and (b) Hobbs Act robbery is not a crime of violence (ground three). (*Id.* at 1-2.)

## II. STANDARD OF REVIEW

A motion to vacate, set aside, or correct sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). "[C]ollateral review is not a substitute for a direct appeal . . . ." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988) (per curiam)) (internal quotation marks omitted).

A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." *Tarver v. United States*, 344 F. App'x 581, 582 (11th Cir. 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)). The Court need not conduct an evidentiary hearing when "the motion and the files and records of the case conclusively show that the prisoner

2

is entitled to no relief . . . ." 28 U.S.C. § 2255(b). In the present case, the undersigned determines that an evidentiary hearing is not needed because the § 2255 motion and record of the case conclusively show that Movant is not entitled to relief.

### III.   DISCUSSION

"[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003). To demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to the first prong of *Strickland*, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one." *Id.* at 697.

In ground one, Movant claims that trial counsel, Michael John Trost, provided ineffective assistance by failing to "prepare a proper defense." (Doc. 345 at 1.) Movant first argues that counsel should have called Movant's "employer to testify on [his] behalf, as well as law enforcement that was present at the time of [Movant's] arrest to testify on inconsistenc[ies] that took place before, during, and after [his] arrest." (*Id.*) However, *Strickland* affords counsel a "strong presumption" that he pursued "sound trial strategy." *Strickland*, 466 U.S. at 689.

> [C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative. . . . The mere fact that other witnesses might have been available . . . is not a sufficient ground to prove ineffectiveness of counsel.

*Rizo v. United States*, 446 F. App'x 264, 265-66 (11th Cir. 2011) (per curiam) (citations and internal quotation marks omitted). The Government also correctly explains that (1) Movant's trial included five law enforcement officials who were present during his arrest, (2) counsel cross-examined them, and (3) one official admitted "that there were inconsistencies between his report of the inventory search and the photos of the search." (Doc. 351 at 14-18.) Accordingly, Movant fails to (1) overcome the strong presumption favoring counsel, and (2) show a reasonable probability of a different outcome if counsel had called additional witnesses.

Movant next argues that counsel "became incompetent" because "his wife was very ill and hospitalized," and he asked for the trial to end early on

4

multiple days "so he [could] be with his wife." (Doc. 345 at 1-2.) However, Movant presents nothing indicating that counsel's wife's illness meaningfully affected the trial. As the Government argues, "counsel maintained a vigorous defense throughout the trial and, in the face of overwhelming evidence, rigorously cross-examined every witness and gave a powerful summation." (Doc. 351 at 18-19.) Therefore, Movant fails to show (1) deficient performance, and (2) a reasonable probability of a different outcome.

Movant's last argument regarding effective assistance is that counsel should have challenged his charges of using a firearm during a crime of violence as unconstitutionally vague. (Doc. 345 at 2.) As the Government correctly explains, the underlying crime of violence was Hobbs Act robbery, which "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," pursuant to 18 U.S.C. § 924(c)(3)(A). (Doc. 351 at 19-20.) *See United States v. Buckner*, 808 F. App'x 755, 761 (11th Cir. 2020) (per curiam). Section 924(c)(3)(A) is known as the "elements clause," and it is not unconstitutionally vague. *Id.* In contrast, § 924(c)(3)(B), known as the "residual clause," is unconstitutionally vague under *United States v. Davis*, 139 S. Ct. 2319 (2019), but *Davis* does not apply to Movant's charges. Accordingly, there was no need for counsel to argue that Movant's charges were unconstitutionally vague. "A lawyer cannot be deficient for failing to raise a meritless claim." *Frederick v. Dep't of Corr.*, 438 F. App'x 801, 803 (11th Cir. 2011) (per curiam) (citing *Freeman v. Att'y Gen.*, 536 F.3d 1225, 1233 (11th Cir.

2008)). Movant fails to show (1) deficient performance, and (2) a reasonable probability of a different outcome.

In grounds two and three, Movant claims that his convictions of using a firearm during a crime of violence must be vacated because (1) the statute is unconstitutionally vague, and (2) Hobbs Act robbery is not a crime of violence. (Doc. 345 at 2.) As explained above, (1) Movant's convictions are governed by the "elements clause," which is not unconstitutionally vague, and (2) Hobbs Act robbery is indeed a crime of violence. (Doc. 351 at 21-22.) Therefore, Movant is not entitled to relief on grounds two and three.

Accordingly, the undersigned **RECOMMENDS** that the § 2255 motion be **DENIED**.

### IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2255 motion] should have been resolved in a different manner or that the issues presented were adequate to deserve

encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [§ 2255 motion] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

The undersigned **RECOMMENDS** that a certificate of appealability be **DENIED** because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a certificate of appealability, Movant "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

### V.     CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that (1) the § 2255 motion (Doc. 345) be **DENIED**, a certificate of appealability be **DENIED**, and civil action number 1:19-cv-3440-ELR-JEM be **CLOSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned.

**SO RECOMMENDED**, this  30th  day of June, 2022.

_____
J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE