IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DAVE STURGIS, JR., <br> BOP # 66955-019, | * <br> * <br> * | MOTION TO VACATE <br> 28 U.S.C. § 2255 |
| Petitioner <br> v. | * <br> * <br> * | CRIMINAL ACTION NO. <br> 1:15-CR-255-ELR-JEM-2 |
| UNITED STATES OF AMERICA, | * <br> * | CIVIL ACTION NO. <br> 1:19-CV-3440-ELR |
| Respondent. | * <br> * | |

_____

O R D E R

_____

This matter is before the Court for consideration of the Report and Recommendation ("R&R") of Magistrate Judge J. Elizabeth McBath. [Doc. 361.] Judge McBath recommends that Petitioner's § 2255 Motion [Doc. 345] be denied and a Certificate of Appealability be denied as well. In the time-period allotted for the parties to object to the R&R, Petitioner filed *pro se* objections. [Doc 365.] For the following reasons, the Court **ADOPTS** the R&R and **OVERRULES** Petitioner's objections.

I. **Standard of Review**

The district court reviewing an R&R "shall make a *de novo* determination of those portions of the report or specified proposed finings or recommendations to

which objection is made." 28 U.S.C. § 636(b)(1).  If neither party objects, the district judge need only review the R&R for clear error and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.  A party objecting to an R&R "must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted.).  If there are no specific objections made to factual findings made by the magistrate judge, there is no requirement that those findings be reviewed de novo. Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir. 1993).  Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1)(C), and may accept the recommendation if it is not clearly erroneous or contrary to the law. Fed. R. Crim. P. 59.

In accordance with 28 U.S.C. § 636(b)(1)(C), and Rule 59 of the Federal Rules of Criminal Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Petitioner objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

**II.      Discussion**

Petitioner's objections, although enumerated in three parts, actually focus on one issue: whether a conviction for aiding and abetting in Hobbs Act robbery is unconstitutionally vague. [Doc. 365.]  Petitioner argues that it is, and thus, his convictions for aiding and abetting in the commission of Hobbs Act robbeies must be vacated. [Id.] As the Government correctly explained in its response to Petitioner's § 2255 Motion [Doc. 351], and also as the Magistrate Judge correctly found in the R&R, Hobbs Act robbery "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," pursuant to 18 U.S.C. §924(c)(3)(A). [Doc. 361 at 5 citing Doc. 351 at 19-20.]  Section §924(c)(3)(A) is known as the "elements clause," and it is not unconstitutionally vague. See United States v. Buckner, 808 F. App'x 755, 761 (11th Cir. 2020) (per curiam).  Therefore, Hobbs Act robbery is a crime of violence under the elements clause in §924(c)(3)(A). United States v. St. Hubert, 909 F.3d 335, 350-51. (2018).

Petitioner argues that the addition of "aiding and abetting" somehow changes this analysis and renders the Hobbs Act robberies for which he was convicted unconstitutionally vague. [Doc. 365.]    However, "aiding and abetting' under 18 U.S.C. § 2, "is not a separate federal crime, but rather an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense." United States v. Sosa, 777 F.3d 1279, 1292 (11th Cir. 2015)

(quotation marks omitted). "A person who 'aids, abets, counsels, commands, induces or procures' the commission of an offense 'is punishable as a principal.'" United States v. Williams, 334 F.3d 1228, 1232 (11th Cir. 2003) (quoting 18 U.S.C. § 2). "Under § 2, the acts of the principal become those of the aider and abettor as a matter of law." Id.  "[N]othing in the language of § 924(c)(1) indicate[es] that Congress intended to vitiate ordinary principles of aiding and abetting liability for purposes of sentencing under that section." Id. at 1233.

Petitioner's argument that Taylor v. United States, 142 S.Ct. 2015 (2022) overturns this analysis is misplaced in that Taylor changed the analysis of an *attempted* crime but changed nothing regarding the *aiding and abetting* in the commission of a crime. Taylor, 142 at 2016.  Petitioner's objections are therefore overruled.

### III.  Conclusion

After conducting a *de novo* review of that portion of the R&R to which Petitioner objects and reviewing the remainder of the R&R for plain error, this Court finds that the Magistrate Judge's factual and legal conclusions are correct.

Accordingly the Court **OVERRULES** Petitioner's objections and **ADOPTS** the R&R [Doc. 361] as the Opinion and Order of this Court.  For the reasons stated in the R&R, the Court **DENIES** Petitioner's Motion to vacate sentence under 28 U.S.C. § 2255. [Doc. 365.]   Additionally, the Court **DECLINES** to issue a certificate of

appealability because after considering 28 U.S.C. § 2253(c)(2), the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. The Court **DIRECTS** the Clerk to **CLOSE** the civil case associated with Petitioner's § 2255 Motion: Civil Action No. 1:19-CV-3440-ELR.

**SO ORDERED**, this 21st day of September, 2022.

_____
Eleanor L. Ross
United States District Judge
Northern District of Georgia